## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Epic Systems Corporation, <br><br>                    Plaintiff, <br><br>    v. <br><br> Decapolis Systems, LLC, <br><br>                    Defendant. | Case No. _____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Epic Systems Corporation ("Epic"), by and through its attorneys, for its

Complaint against defendant Decapolis Systems, LLC ("Decapolis"), alleges as follows:

### PRELIMINARY STATEMENT

1.     This is an action for a declaratory judgment of non-infringement of United States

Patent No. 7,490,048 ("the '048 patent") and of non-infringement and invalidity of United States

Patent No. 7,464,040 ("the '040 patent") and arising under the Declaratory Judgment Act, 28

U.S.C. §§ 2201 and 2202, and the patent laws of the United States, including Title 35, United

States Code.

2.     This Declaratory Judgment Complaint relates to Decapolis' allegations that Epic

and/or its products and services infringe the '040 patent and the '048 patent, which culminated in

a patent infringement complaint that Decapolis filed against Epic in the United States District

Court for the Western District of Texas, and subsequently dismissed after Epic objected to

improper venue.

## JURISDICTION

3.      This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 et seq.

4.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5.      Personal jurisdiction over Decapolis is proper in this district because, upon information and belief, it is incorporated as a Florida Limited Liability Company with its principal address at 600 S. Dixie Hwy. #605, West Palm Beach, Florida 33401.

6.      As discussed more fully below, Decapolis improperly sued Epic for allegedly infringing the two patents at-issue in this matter in the Western District of Texas, which was not a proper venue for any patent suit against Epic.  After Epic fully briefed and filed a motion to dismiss, and was subject to discovery, Decapolis dismissed that action without prejudice.

7.      Since dismissal of its action against Epic, Decapolis has since begun threatening Epic's customers with patent infringement allegations for their use of Epic's products and/or services, causing harm to Epic.  Decapolis has now sued two Epic customers in the Western District of Texas based on their alleged use of Epic's software.

## VENUE

8.      Venue is proper in this district under 28 U.S.C. § 1391(b) because Decapolis is subject to personal jurisdiction in this judicial district, and has directed its business, licensing, and enforcement activities at this judicial district, and a substantial part of the events giving rise to the claim occurred in this judicial district.

## PARTIES

9.     Epic is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business at 1979 Milky Way, Verona, Wisconsin 53593.

10.     Upon information and belief, Decapolis is a limited liability company formed under the laws of Florida and is in the business of licensing and enforcing patents (a so-called non-practicing entity).

## FACTS

### The '040 Patent

11.     United States Patent Number 7,464,040, entitled Apparatus and method for processing and/or for providing healthcare information and/or healthcare-related information, names Raymond Anthony Joao as the inventor and states an issue date of December 9, 2008. Attached as Exhibit 1 is a copy of the '040 patent.

12.     According to the abstract, the '040 patent is directed to a computer-implemented method, including receiving information regarding an individual, transmitted from a first computer or communication device associated with or is used by a healthcare provider, which information contains information regarding a symptom, examination finding, diagnosis, treatment, administration of a treatment, or procedure, storing the information or updating the healthcare record or the healthcare history of, for, or associated with, the individual, generating an insurance claim, wherein the insurance claim is automatically generated by a processing device in response to the storing of the information or the updating of the healthcare record or the healthcare history, which insurance claim is suitable for being automatically submitted to the healthcare insurer or payer associated with the individual or is suitable for being automatically

transmitted to a second computer or communication device associated with the healthcare insurer or payer, and transmitting the insurance claim to the second computer or communication device.

13.     On information and belief, Decapolis is the assignee of all right, title, and interest in the '040 patent.

### The '048 Patent

14.     United States Patent Number 7,490,048, entitled Apparatus and method for processing and/or for providing healthcare information and/or healthcare-related information, names Raymond Anthony Joao as the inventor and states an issue date of February 10, 2009. Attached as Exhibit 2 is a copy of the '048 patent.

15.     According to the abstract, the '048 patent is directed to a computer-implemented method, including processing, with a processor, a request by a person or entity to access, obtain, change, alter, or modify, an individual's or patient's healthcare record or file which contains healthcare information or healthcare-related information personal to the individual or patient, generating a message containing information regarding the person or entity and/or identification information regarding the person or entity, and containing an actual change, alteration, or modification, sought to be made or made to the individual's or patient's healthcare record or file, and transmitting the message to a communication device of the individual or patient during, concurrently with, at a same time as, or prior to a completion of, an accessing, obtaining, changing, altering, or modifying, of the individual's or patient's healthcare record or file or a processing of the request.

16.     On information and belief, Decapolis is the assignee of all right, title, and interest in the '048 patent.

**Existence of an Actual Controversy**

17.     There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

18.     On April 29, 2021, Decapolis filed a complaint for patent infringement against Epic in the United States District Court for the Western District of Texas, alleging infringement of the '040 patent and the '048 patent.  *Decapolis Systems, LLC v. Epic Systems Corporation,* No. 6:21-cv-00434, Dkt. 1 (W.D. Tex.).

19.     On June 22, 2021, Epic filed a motion to dismiss for improper venue or to transfer the case to the United States District Court for the Western District of Wisconsin, where Epic resides.  *Id.,* Dkt. 10.

20.     Nearly four months later, after venue discovery was complete and without leave of court, Decapolis filed an amended complaint.  *Id.*, Dkt. 18; Dkt. 23.

21.     On December 14, 2021, the United States District Court for the Western District of Texas issued an order striking Decapolis' amended complaint and ordering Decapolis to respond to Epic's motion to dismiss.  *Id.*, Dkt. 23.

22.     On December 20, 2021, Decapolis filed a voluntary dismissal without prejudice. *Id.*, Dkt. 24.

23.     Decapolis has not provided Epic with any covenant not to sue, but rather has started threatening Epic's customers for allegedly infringing the same patents by using Epic's products and/or services.  Indeed, Decapolis has now sued two Epic customers based on their alleged use of Epic's software.

24.     Based on the foregoing, a justiciable controversy exists between Epic and Decapolis as to whether Epic and/or its products and services infringe either the '040 patent or the '048 patent and whether the claims of the '040 patent are valid.

25.     Absent a declaration as requested herein, Decapolis will continue to wrongfully allege that Epic and/or its products and services infringe the '040 patent and the '048 patent, and thereby cause Epic irreparable injury and damage.

**COUNT ONE (Declaratory Judgment of Non-Infringement of the '040 Patent)**

26.     Epic repeats and realleges paragraphs 1 through 25 hereof, as if fully set forth herein.

27.     As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement of the claims of the '040 patent.

28.     A judicial declaration is necessary and appropriate so that Epic may ascertain its rights regarding its services and the '040 patent.

29.     Epic is entitled to a declaratory judgment that Epic and/or its products and services have not infringed and do not infringe, either directly or indirectly, any valid and enforceable claims of the '040 patent under 35 U.S.C. § 271.

**COUNT TWO (Declaratory Judgment of Invalidity of the '040 patent)**

30.     Epic repeats and realleges paragraphs 1 through 29 hereof, as if fully set forth herein.

31.     As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of invalidity of the claims of the '040 patent.

32.     A judicial declaration is necessary and appropriate so that Epic may ascertain its rights regarding the validity of the claims of the '040 patent.

33.     Epic is entitled to a declaratory judgment that the claims of the '040 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT THREE (Declaratory Judgment of Non-Infringement of the '048 Patent)**

34.     Epic repeats and realleges paragraphs 1 through 33 hereof, as if fully set forth herein.

35.     As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement of the claims of the '048 patent.

36.     A judicial declaration is necessary and appropriate so that Epic may ascertain its rights regarding its services and the '048 patent.

37.     Epic is entitled to a declaratory judgment that Epic and/or its products or services have not infringed and do not infringe, either directly or indirectly, any claims of the '048 patent under 35 U.S.C. § 271.

**PRAYER FOR RELIEF**

**WHEREFORE**, Epic requests judgment against Decapolis as follows:

A.     A judgment that Epic and its products and services have not infringed and are not infringing, either directly or indirectly, any claim of the '040 patent or the '048 patent, in violation of 35 U.S.C. § 271;

B.     A judgment that each of the claims of the '040 patent is invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112;

C.     A judgment that Decapolis and each of its officers, directors, agents, counsel, servants, employees, and all of persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that Epic and/or its products or services infringe any claims of the '040 patent or the '048 patent or from instituting or initiating any action or proceeding alleging infringement of any claims of the '040 patent or the '048 patent against Epic or any customers, users, or sellers of Epic's services;

D.     Declaring Epic as the prevailing party and this case as exceptional, and awarding Epic its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

E.     Ordering Decapolis to pay all fees, expenses, and costs associated with this action; and

F.     Awarding such other and further relief as this Court deems just and proper.

Dated: February 2, 2022

Respectfully submitted,

**QUARLES & BRADY LLP**

/s/ Kelli A. Edson
Kelli A. Edson
Florida Bar No. 179078
QUARLES & BRADY LLP
101 East Kennedy Boulevard, Suite 3400
Tampa, Florida 33602-5195
Telephone: 813-387-0300
Facsimile: 813-387-1800
kelli.edson@quarles.com
lynda.dekeyser@quarles.com
rebecca.wilt@quarles.com
DocketFL@quarles.com

*Counsel for Epic Systems Corporation*