## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Epic Systems Corporation,

       Plaintiff,

  v.                                             Case No. 9:22-cv-80173

Decapolis Systems, LLC,

       Defendant.

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-REPLY WITH AN ATTACHED EXPERT REPORT

**QUARLES & BRADY LLP**

Kelli A. Edson
Florida Bar No. 179078
QUARLES & BRADY LLP
101 East Kennedy Boulevard, Suite 3400
Tampa, Florida 33602-5195
Tel.: (813) 387-0300
Fax: (813) 387-1800
kelli.edson@quarles.com

Matthew Duchemin, *Pro Hac Vice*
Bryce A. Loken, *Pro Hac Vice*
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, WI 53703
Tel.: (608) 251-5000
Fax: (608) 251-9166
matthew.duchemin@quarles.com
bryce.loken@quarles.com

*Counsel for Plaintiff Epic Systems Corporation*

Decapolis seeks leave to file a sur-reply to Epic's Motion for Judgment on the Pleadings (Dkts. 35, 44), nearly two months after briefing on Epic's Motion was complete and while this case is stayed, and submit an expert report submitted in a different case against a different party. Decapolis' request should be denied. Decapolis, as the non-moving party, should not be permitted to submit materials outside the pleadings (let alone outside this proceeding). Both Epic and Decapolis confined themselves to briefing the Motion based solely on the pleadings. Allowing Decapolis to file a sur-reply with an expert report from a different proceeding, and have the last say as the non-moving party, unfairly prejudices Epic and attempts to convert Epic's Motion for Judgment on the Pleadings into a battle of the experts—except Epic was not notified there would be such a battle. Finally, Epic's reply brief did not present any new arguments or raise new theories that would entitle Decapolis to a sur-reply.

The Court need only look to the pleadings in this case to determine the Asserted Patents are directed to ineligible subject matter per 35 U.S.C. § 101. (*See* Dkt. 44, at 3-5). As Epic articulated, neither claim construction nor additional fact finding is necessary (let alone a prerequisite) to the Court deciding the validity of the Asserted Patents. (*See id.*; Dkt. 35, 6-7, 19-20). The same remains true. Decapolis's expert report was collected for a different proceeding and its analysis within does not directly address Epic's arguments for why the Asserted Patents are invalid under § 101. Instead, the report contains (i) opinions specific to the other proceeding concerning problems within the medical industry the Asserted Claims in this case do not address, (ii) Decapolis' response to § 101 arguments made by Defendants in the other proceeding that do not closely track Epic's arguments in this case, and (iii) opinions related to purported validity of claims in light of prior art that have nothing to do with Epic's Motion in this case. Decapolis's expert report would therefore only complicate and confuse the issues before the Court and leave

1

Epic without redress to submit its own expert report—which Epic maintains is improper on a Motion for Judgment on the Pleadings.

I.   **DECAPOLIS'S EXTRAORDINARY REQUEST IS IMPROPER**

Decapolis is not entitled to a sur-reply. Decapolis's proposed expert report was prepared and submitted in connection with a summary judgment motion in the Western District of Texas. (Dkt. 51-1, at 3). Generally, sur-replies are not authorized and may only be filed under unusual circumstances, such as when a party raises new arguments in a reply brief. *See Fed. Deposit Ins. Corp. v. Prop. Transfer Servs., Inc.*, No. 12-80533-CV, 2013 WL 11327802, at *1 (S.D. Fla. Aug. 9, 2013) (J. Middlebrooks) (denying leave to file sur-reply where party did not present any new arguments or theories in its Reply); *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 Fed. Appx. 777, 788 (11th Cir. 2008) ("A district court's decision to permit the filing of a surreply is purely discretionary and should generally only be allowed when a valid reason for such briefing exists, such as where the movant raises new arguments in its reply brief."). Epic, in its reply brief, did not present any new arguments or raise new theories that would entitle Decapolis to a sur-reply. (*See* Dkt. 44). By the same token, nothing in Epic's reply brief opened the door such that Decapolis should be permitted the extraordinary ability to have leave to submit an expert report from a different case as a sur-reply.

Additionally, Decapolis, as the non-moving party to a Motion for Judgment on the Pleadings, should not be permitted to submit an expert report from a Western District of Texas case which was prepared and submitted in the context of summary judgment. (Dkt. 51-1, at 3). Decapolis's request to include materials outside the pleadings would effectively convert Epic's Motion for Judgment on the Pleadings into a summary judgment motion. *See Ramey v. Interstate Fire & Cas. Co.*, 32 F. Supp. 3d 1199, 1203 (S.D. Fla. 2013) ("Generally, a court must convert a motion for judgment on the pleadings into a motion for summary judgment if it

considers materials outside the pleadings."). For the court to consider materials outside the pleadings without converting to a summary judgment motion, the extrinsic materials must be central to the party's claim or the authenticity is not challenged. *Id*; *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir.2005). Neither requirement is met here.

The report itself does not discuss or directly address the arguments Epic made in support of its Motion for Judgment on the Pleadings. And the report does not focus on the record as it has been developed in the instant proceeding. For example, the report does not address Epic's argument and support that the concepts of sending/receiving information and processing / generating information, even when considered in the context of health care insurance, are abstract as a matter of law. (*See* Dkt. 35, at 10). Because of these shortcomings, the Court should refuse to accept the expert report and deny Decapolis's request for leave.

Decapolis's request for leave to file a sur-reply also fails to include any legal authority in support of Decapolis's request, which is required of every motion pursuant to Local Rule 7.1(a)(1). *HNA LH OD, LLC v. Loc. House Int'l, Inc.*, No. 21-CV-21022, 2021 WL 2400210, at *1 (S.D. Fla. June 11, 2021) (denying leave for sur-reply because, *inter alia*, it failed to "include any legal authority in support of the request to file a sur-reply" and "[a]bsent some 'valid reason' or 'exceptional circumstance' to justify additional briefing, the Court will not exercise its discretion in permitting Plaintiff to file a sur-reply.").

## II.     DECAPOLIS'S REQUEST WOULD UNFAIRLY PREJUDICE EPIC

Decapolis's Motion seeks to turn Epic's Motion for Judgment on the Pleadings into a battle of the experts. This case has been stayed since June 14, 2022 (Dkt. 47) following Decapolis not opposing Epic's Motion to Stay (Dkt. 43). Permitting Decapolis to submit an expert report from another case (submitted in a completely different context) in the middle of this proceeding being stayed would unfairly prejudice Epic, who does not have a rebuttal expert

report prepared and would be unable to respond to or oppose Decapolis's report. Even if Epic were allowed time to prepare a rebuttal report (which is still inappropriate), Epic's eventual expert would struggle to rebut a report prepared for a different proceeding with a different factual record involving different software.

The Court does not need to consider anything beyond the pleadings in this case to determine the Asserted Patents are invalid under 35 U.S.C. § 101. (*See* Dkt. 44, at 3-5). The parties have already briefed this issue and, as Epic detailed, neither claim construction nor additional fact finding is necessary (let alone a prerequisite) to the Court deciding eligibility of the Asserted Patents. (*See id.*; Dkt. 35, 6-7, 19-20). The Court does not need a more developed record in order to decide the § 101 questions presented in Epic's Motion. *WhitServe LLC v. Dropbox, Inc.*, 854 F. App'x 367, 373, 2021 WL 1608941 (Fed. Cir. 2021) (affirming grant of motion to dismiss on § 101 grounds; finding no error in decision not to consider evidence of non-obviousness); *Genetic Techs. Ltd. v. Merial L.L.C.*, 818 F.3d 1369, 1373-74 (Fed. Cir. 2016) ("We have repeatedly recognized that in many cases it is possible and proper to determine patent eligibility under 35 U.S.C. § 101 on a [motion to dismiss]."). Decapolis already posited an unavailing argument that the Court should wait for a more "developed record", which Epic rebuffed with a detailed explanation regarding how the patents and pleadings as-is tell the Court everything it needs to know on this topic. (*See* Dkt. 3-5).

Accordingly, Decapolis's proposed expert report from Western District of Texas against a different party has little value to this case other than to prejudice Epic and complicate the issues before the Court on Epic's Motion for Judgment on the Pleadings.

### III.  CONCLUSION

For these reasons, Epic respectfully requests the Court deny Decapolis's Motion for Leave to File a Sur-Reply.

|  |  |
|---|---|
| Dated: August 9, 2022 | Respectfully submitted,<br><br>QUARLES & BRADY LLP<br><br>*/s/ Kelli A. Edson*<br>Kelli A. Edson<br>Florida Bar No. 179078<br>QUARLES & BRADY LLP<br>101 East Kennedy Boulevard, Suite 3400<br>Tampa, Florida 33602-5195<br>Tel.: (813) 387-0300<br>Fax: (813) 387-1800<br>kelli.edson@quarles.com<br><br>Matthew Duchemin, *Pro Hac Vice*<br>Bryce A. Loken, *Pro Hac Vice*<br>QUARLES & BRADY LLP<br>33 East Main Street, Suite 900<br>Madison, WI 53703<br>Tel.: (608) 251-5000<br>Fax: (608) 251-9166<br>matthew.duchemin@quarles.com<br>bryce.loken@quarles.com<br><br>***Counsel for Plaintiff Epic Systems Corporation*** |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served on August 9, 2022 with a copy of this document via the Court's CM/ECF system:

>Marc J. Kesten, P.L.
>Marc J. Kesten
>9220 NW 72nd Street
>Parkland, FL 33067
>marc@kestenlex.com
>(954) 600-9500
>
>Garteiser Honea, PLLC
>Christopher Honea
>119 West Ferguson
>Tyler, Texas 75702-7203
>chonea@ghiplaw.com
>ghdecapolis@ghiplaw.com
>(415) 785-3762

>>*/s/ Kelli A. Edson*
>>Kelli A. Edson