## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Epic Systems Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Decapolis Systems, LLC,<br><br>Defendant. | Case No. 9:22-cv-80173<br>Redacted |

## DECLARATION OF BRYCE A. LOKEN IN SUPPORT OF PLAINTIFF'S VERIFIED MOTION FOR ATTORNEYS' FEES

I, Bryce A. Loken, hereby declare as follows:

1. I am an attorney at Quarles & Brady LLP. I represent Plaintiff Epic Systems Corporation ("Epic") in this matter. I make the following statements based on my personal knowledge of the facts involved, unless otherwise stated.

2. I submit this declaration in support of Plaintiff's Verified Motion for Attorneys' Fees.

3. **Exhibit 1** is a true and correct copy of Decapolis Systems, LLC's ("Decapolis") Objections and Responses to Plaintiff's First Set of Interrogatories, dated April 28, 2022.

4. Since April 2021, Decapolis has sued over 40 defendants. Of those, only Epic, its customer CHRISTUS Health, and one recently filed case with a number of defendants remain the subject of pending lawsuits. When combined with Decapolis' sister entity, GreatGigz Solutions, LLC ("GreatGigz"), Mr. Joao's entities have asserted patents against nearly 80 defendants, most

of which have settled.  **Exhibit 2** is a true and correct copy of a listing of cases filed by Decapolis and GreatGigz.

5. **Exhibit 3** is an e-mail exchange between Epic's and Decapolis' counsel concerning Decapolis' inquiry concerning settlement, dated May 3-13, 2022.

6. **Exhibit 4** is an e-mail exchange between Epic's and Decapolis' counsel regarding the parties' settlement discussions, dated September 19-29, 2022.

7. **Exhibit 5** is a true and correct copy of an e-mail exchange between Epic's and Decapolis' counsel dated January 24-30, 2023, wherein Decapolis' counsel requests that the settlement offer amounts conveyed by Decapolis be filed under seal.

8. **Exhibit 6** is a true and correct copy of excerpts from the AIPLA 2021 Report of the Economic Survey.

9. **Exhibit 7** is a true and correct copy of a September 27, 2022 Subpoena to Produce Documents to Epic from Decapolis in *Decapolis Systems, LLC v. CHRISTUS Health*, No. 2:22-cv-00159 (E.D. Tex.) ("the CHRISTUS case").  Following Epic's written response to Decapolis' subpoena, Decapolis intensified its demands on CHRISTUS, including demanding CHRISTUS immediately produce Epic source code and related documents despite CHRISTUS' pending motion to stay.

10. On November 23, 2022, Decapolis filed a motion in the CHRISTUS case seeking the de-designation of the confidential information it improperly disclosed. During a December 1, 2022 meet and confer, Decapolis' counsel paired that motion with a threat to subpoena Epic's customers for documents related to the confidential information at issue.

11. On December 1, 2022, during a meet and confer, Decapolis demanded that CHRISTUS produce its source code, additional technical documents, a sandbox environment

running CHRISTUS' instance of Epic's software, and CHRISTUS' internal policies and procedures for confidentiality. Decapolis started the meet and confer by referencing its prior ▮▮ settlement offer and noting that it would obviate the need for CHRISTUS to produce the requested documents. **Exhibit 8** is a true and correct copy of a December 1, 2022 e-mail memorializing the parties' meet and confer.

12. **Exhibit 9** is a true and correct copy of Defendants' November 9, 2021 Preliminary Invalidity Contentions in *Decapolis Systems, LLC v. Epic Systems Corporation*, No. 6:21-cv-00434 (W.D. Tex.).

13. **Exhibit 10** is a true and correct copy of a May 25–26, 2022 e-mail exchange between counsel for the parties wherein Decapolis' counsel agrees to stay the S.D. Florida case if Epic agreed to vacate the schedule. Counsel for Decapolis promptly responded to his own email and threatened to compel on Decapolis' perceived discovery disputes. After counsel for Epic asked if Decapolis would stay the cases against Epic's customers as well, counsel for Decapolis pulled its offer to stay and demanded a meet and confer on Epic's source code, technical documents, financial documents, and "all other responsive documents."

14. **Exhibit 11** is a true and correct copy of a November 29, 2022 e-mail conversation between counsel for the parties in which counsel for Decapolis reiterates its demand for source code, non-disclosure agreements, and any associated documents pertaining to CHRISTUS' agreements and measures to protect confidential information.

15. Upon reviewing Epic's invoices, the amount sought in connection with Epic's Motion for Attorneys' Fees is only 24.8% of the total fees Epic has incurred across all patent actions involving Decapolis, including Decapolis' lawsuits against Epic's customers.

I DECLARE, under penalty of perjury, that the foregoing is true and correct.

Dated this 30th day of January, 2023.

                                                       _/s/ Bryce A. Loken_
                                                      Bryce A. Loken

**CERTIFICATE OF SERVICE**

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served on January 30, 2023 with a copy of this document via the Court's CM/ECF system:

Marc J. Kesten, P.L.
Marc J. Kesten
9220 NW 72nd Street
Parkland, FL 33067
marc@kestenlex.com
(954) 600-9500

Garteiser Honea, PLLC
Christopher Honea
119 West Ferguson
Tyler, Texas 75702-7203
chonea@ghiplaw.com
ghdecapolis@ghiplaw.com
(415) 785-3762

*/s/ Kelli A. Edson*
Kelli A. Edson