# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Epic Systems Corporation,<br><br>                       Plaintiff,<br><br>    v.<br><br>Decapolis Systems, LLC,<br><br>                       Defendant. | Case No. 9:22-cv-80173 |

## DECAPOLIS SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 26 and 33 of the Federal Rules of Civil Procedure, Defendant Decapolis Systems, LLC ("Decapolis") hereby provides its Objections and Responses to Plaintiff Epic Systems Corporation's ("Epic") First Set of Interrogatories ("Interrogatories").

Decapolis responds to Epic's Interrogatories under its reasonable interpretation of each Interrogatory. Should Epic subsequently assert an interpretation of any Interrogatory that differs from Decapolis's understanding, Decapolis reserves the right to supplement its objections and/or responses, if appropriate. The responses herein are given without prejudice to Decapolis's right to supplement these responses and produce evidence of any subsequently discovered facts or documents, or facts or documents that Decapolis may later develop. In the event that information or documents responsive to any of Epic's Interrogatories are later identified or brought to Decapolis's attention, Decapolis reserves the right to amend and supplement the following responses to the extent permitted and required by Federal Rule of Civil Procedure 26(e). Decapolis's responses to Epic's Interrogatories are made without prejudice to Decapolis's right to introduce any and all documents and other evidence of any kind, including evidence from any

third party, in the proceedings in this action.

Nothing in these objections and responses shall be deemed an admission by Decapolis regarding the existence of any information, or the relevance, authenticity, materiality, or admissibility of any information, for any purpose. Decapolis expressly reserves the right to object to the use of these responses, the subject matter contained herein, or the documents produced in connection herewith during any subsequent proceeding, including during trial of this or any other action.

## **GENERAL OBJECTIONS**

The following apply to each individually numbered Interrogatory set forth in the Interrogatories and shall have the same force and effect as if set forth in full in each of Decapolis's Specific Responses below:

1. Decapolis objects to each Interrogatory to the extent it seeks information, documents, or things protected by the attorney-client privilege, the work product doctrine, the common interest privilege, the Federal Rules of Civil Procedure (including but not limited to Rule 26(b)(3)), the Federal Rules of Evidence, and/or any other applicable privilege, immunity, or protection. The inadvertent identification or production of any such information, documents, or things is not a waiver of any privilege, immunity, or protection.

2. Decapolis objects to each Interrogatory to the extent it seeks information, documents, or things that are already in Epic's possession, custody, or control; are a matter of public record; are otherwise equally available to Epic; or may be derived or ascertained from records in Epic's possession, custody, or control; or where the burden of deriving or ascertaining such information would be substantially the same for either party.

3. Decapolis objects to each Interrogatory to the extent it is compound or includes

multiple discrete subparts, in violation of Federal Rule of Civil Procedure 33. Decapolis objects to the Interrogatories to the extent they exceed the permissible number of interrogatories allowed in this action, including all parts and subparts.

4. Decapolis objects to each Interrogatory to the extent it calls for Decapolis to search for and provide information and documents and/or things that are not within Decapolis's possession, custody, or control, or to prepare and/or create documents and/or things that do not exist.

5. Decapolis objects to the Interrogatories to the extent they seek information and/or the production of documents and/or things that Decapolis is under an obligation not to disclose, including information or documents that would require Decapolis to breach a confidential contract, protective order, settlement, or other duty to a third party to maintain confidentiality.

6. Decapolis objects to each and every Interrogatory to the extent it seeks information not relevant to any claim or defense in this litigation, are not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, or otherwise not within the scope of relevant discovery.

7. Decapolis objects to each and every Interrogatory to the extent it is not proportional to the needs of this action, considering the importance of the issues at stake in this action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs its likely benefit.

8. Decapolis objects to each and every Interrogatory to the extent it is argumentative, mischaracterizes the facts, is predicated on erroneous assumptions, or states or assumes a legal conclusion. By responding to these Interrogatories, Decapolis does not admit that Epic's characterizations or assumptions are correct or accurate.

9. Decapolis objects to each and every Interrogatory to the extent it is overly broad, unduly burdensome, oppressive, harassing, incomprehensible, or constitutes an abuse of process, particularly when the cost necessary to investigate or respond is high compared to Epic's need for the information.

10. Decapolis objects to each and every Interrogatory to the extent it is inconsistent with, enlarge upon, or exceed the scope of discovery authorized by the Federal Rules of Civil Procedure, the Civil Local Rules of the SDFL, any applicable orders of this Court, or any stipulation or agreement between the parties. In responding to these requests, Decapolis will only comply with the obligations imposed on it by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the SDFL, any applicable orders of this Court, and any stipulation or agreement between the parties.

12. Decapolis objects to each and every Interrogatory to the extent it uses terms that are not defined or understood. Decapolis will not speculate as to the meaning ascribed to such terms, and will respond to the extent it understands such requests.

13. Decapolis objects to each and every Interrogatory and Definition as overly broad to the extent it fails to specify a relevant time period for which information is requested, to the extent the specified period is irrelevant, or to the extent the specified period includes periods of time for which Epic would not be entitled to collect any documents.

15. Decapolis objects to each Instruction to the extent that it is inconsistent with, enlarges upon, or exceeds the scope of discovery authorized by the Federal Rules of Civil Procedure, the Local Rules of the SDFL, any applicable orders of this Court, or any stipulation or agreement between the parties. In responding to these Interrogatories, Decapolis will only comply with the obligations imposed on it by the Federal Rules of Civil Procedure, the Local Rules of the United

States District Court for the SDFL, any applicable orders of this Court, and any stipulation or agreement between the parties.

## SPECIFIC OBJECTIONS AND RESPONSES

Decapolis incorporates by reference the General Objections set forth above into the Specific Responses set forth below. Decapolis may repeat an objection; however, the failure to repeat any General Objection does not waive any such objection to the Interrogatory.

**INTERROGATORY NO. 1**: Identify all claims of the Patents-in-Suit that Decapolis contends that Epic and/or use of Epic's software has infringed or is infringing, and for each: (1)Identify Your interpretation of each claim; (2) Identify each product or service You allege is made, used, sold, offered for sale, or imported that You contend infringes the claim; and (3) provide a description in a claim chart of how each claim limitation is found in each product or service that You allege infringes the claim, whether each such limitation is found literally or under the doctrine of equivalents, and whether such infringement is alleged to be direct, induced or contributory in nature.

**Response to Interrogatory No. 1**

Decapolis incorporates its General Objections recited above as if fully set forth herein. Decapolis objects to this Interrogatory because it is disproportional to the needs of the case and seeks information irrelevant. Decapolis further objects to this Interrogatory as compound and to the extent that it contains multiple discrete subparts in violation of Fed. R. Civ. P. 33(a)(1). Decapolis further objects to the extent it calls for information protected by the attorney-client privilege. Decapolis further objects to the extent it calls for expert opinion.

To the extent that Decapolis understands Interrogatory No. 1, subject to and without waiving the foregoing Objections, Decapolis responds as follows:

To the extent that Decapolis understands Interrogatory No. 7, subject to and without waiving the foregoing Objections, Decapolis responds as follows:

Decapolis refers Plaintiff to its Counterclaims. Decapolis reserves the right to supplement its response upon the discovery of more information.

**INTERROGATORY NO. 8**:   For each claim of the Patents-in-Suit, describe all facts and circumstances Relating to the first written description, offer for sale, sale, public disclosure, public use, and disclosure to another of the alleged invention, including, without limitation, the identity of the Persons involved in each such event, the date on which each such event occurred, and the identity of relevant Documents Referring or Relating thereto.

**Response to Interrogatory No. 8**

Decapolis incorporates its General Objections recited above as if fully set forth herein. Decapolis objects to this Interrogatory because it is disproportional to the needs of the case and seeks information irrelevant. Decapolis further objects to this Interrogatory as compound and to the extent that it contains multiple discrete subparts in violation of Fed. R. Civ. P. 33(a)(1). Decapolis further objects to the extent it calls for information protected by the attorney-client privilege.

To the extent that Decapolis understands Interrogatory No. 8, subject to and without waiving the foregoing Objections, Decapolis responds as follows:

Decapolis refers Plaintiff to its Counterclaims. Decapolis reserves the right to supplement its response upon the discovery of more information.

**INTERROGATORY NO. 9**:   Identify (by name, model or version number, and any other identifying indicia) any Decapolis or licensed products or services that Decapolis contends fall within the scope of any Patent-in-Suit or practice any claim of the Patents-in-Suit, and for

10

each product or service, identify when it was first offered for sale, first sold, first publicly used, first publicly disclosed, first disclosed to anyone, first tested, first imported, and first made or manufactured, and identify each Person with knowledge of the foregoing and all Documents Relating to the foregoing.

**Response to Interrogatory No. 9**

Decapolis incorporates its General Objections recited above as if fully set forth herein. Decapolis objects to this Interrogatory because it is disproportional to the needs of the case and seeks information irrelevant. Decapolis further objects to this Interrogatory as compound and to the extent that it contains multiple discrete subparts in violation of Fed. R. Civ. P. 33(a)(1). Decapolis further objects to the extent it calls for information protected by the attorney-client privilege. Decapolis further objects to the extent it calls for expert opinion.

To the extent that Decapolis understands Interrogatory No. 9, subject to and without waiving the foregoing Objections, Decapolis responds as follows:

Decapolis is not aware of any Decapolis or licensed products or services that Decapolis contends fall within the scope of any Patent-in-Suit or practice any claim of the Patents-in-Suit. Decapolis reserves the right to supplement its response upon the discovery of more information.

**INTERROGATORY NO. 10**:   For each claim of the Patents-in-Suit, identify the relevant technical field and the level of technical knowledge, schooling, experience, training, and expertise of a Person having ordinary skill in the art of the subject matter of that field.

**Response to Interrogatory No. 10**

Decapolis incorporates its General Objections recited above as if fully set forth herein. Decapolis objects to this Interrogatory because it is disproportional to the needs of the case and

Dated:  April 28, 2022

Respectfully submitted,

*/s/ Christopher A. Honea*
Christopher A. Honea
*Pro Hac Vice*
chonea@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

Marc J. Kesten
Florida Bar No. 691801
9220 NW 72nd Street
Parkland, Florida 33067
Tel: (954) 600-9500
marc@kestenlex.com

**COUNSEL FOR DEFENDANT AND COUNTERCLAIMANT,
DECAPOLIS SOLUTIONS , LLC**

### CERTIFICATE OF SERVICE

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served on April 28, 2022.

*/s/ Christopher A. Honea*
Christopher A. Honea

19