UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 22-cv-80173-MIDDLEBROOKS

EPIC SYSTEMS CORPORATION,

    Plaintiff and Counterclaim Defendant,

v.

DECAPOLIS SYSTEMS, LLC,

    Defendant and Counterclaim Plaintiff.
_____/

### ORDER ON MOTIONS FOR BILL OF COSTS AND ATTORNEYS' FEES

THIS CAUSE is before the Court on Plaintiff's Motion to Tax Costs (DE 82) and Verified Motion for Attorneys' Fees (DE 88). Defendant has Responded in Opposition to both Motions (DE 86; DE 98), and Plaintiff Replied to both as well. (DE 87; DE 100). Thus, both Motions are ripe for my consideration. Further, on May 2, 2024, Plaintiff moved for leave to supplement its Motion to include the fees and costs that it incurred on appeal. (DE 104). I granted that Motion (DE 106). Defendant responded in opposition to the claimed fees and costs on appeal (DE 111), and Plaintiff submitted its Reply. (DE 112). Accordingly, I find that the record contains all the necessary information for me to rule on the two Motions.[1]

Plaintiff filed this lawsuit on February 2, 2022, seeking a declaratory judgment from the Court that it did not infringe two registered patents that Defendant held. (DE 1). This lawsuit came before me after Defendant filed suit in the Western District of Texas alleging that Plaintiff had infringed two of its patents. (*Id.* ¶ 2). Defendant voluntarily dismissed that action after Plaintiff

---

[1] As part of this Order, I also will rule on Defendant's Motion to Seal Narrowly Tailored Privileged and Confidential Settlement Communications (DE 97).

objected to improper venue. (*Id.*; DE 98-8). The two patents at issue in this matter named Raymond Joao, who formed the Defendant company, as the inventor. (DE 88 at 5). They were nearly identical and held the same title: "Apparatus and Method for Processing and/or for Providing Healthcare Information and/or Healthcare-related Information." (DE 27-1). The claims of the patents that Plaintiff allegedly was infringing at the time of the filing of this lawsuit recited a computer-implemented method that allows for the collection and storage of patient information in a central database that is accessible through the internet by various entities such as healthcare providers and patients as well as real-time transfer of changes to files containing healthcare information. (DE 18). On December 12, 2022, I granted the Plaintiff's Motion for Judgment on the Pleadings, finding that both patents were invalid as a matter of law. (DE 78). Thereafter, I entered Final Judgment in favor of Plaintiff. (DE 79). I retained jurisdiction to adjudicate any fee disputes. (*Id.*).

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs." *Matthews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (citations omitted). "Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)." *Fireman's Fund Ins. Co. v. Tropical Shipping & Const. Co., Ltd.*, 254 F.3d 987, 1012 (11th Cir. 2001) (citations omitted).

The costs that are recoverable from a losing party are delineated in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Section 1920 provides that a judge or clerk of any court of the United States may tax as costs the following: (1) "fees of

2

the clerk and marshal"; (2) "fees for printed or electronically recorded transcripts necessarily obtained for use in the case"; (3) fees related to "printing and witnesses"; (4) fees for "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"; (5) "docket fees"; and (6) "compensation of court appointed experts" and fees related to interpretation services. 28 U.S.C. § 1920(1)–(6). A court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co.*, 482 U.S. at 440–44.

Further, under § 285 of the Patent Act, courts may also award reasonable attorney fees to the prevailing party in "exceptional cases." 35 U.S.C. § 285. The Supreme Court has defined an "exceptional case" as one that "stands out from others with respect to the substantive strength of a party's litigation position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC, v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).

Plaintiff seeks to recover both its attorneys' fees and costs in this case. In Response to Plaintiff's submitted Bill of Costs (DE 82), Defendant specifically objects to Plaintiff recovering five attorneys' pro hac vice fees, service of process fees, and the $402 filing fee. (DE 86). Additionally, Defendant responds in opposition to Plaintiff recovering any attorney fees, arguing that Defendant neither engaged in misconduct, nor knowingly pursued a meritless claim, and therefore there is nothing "exceptional" about the case that would warrant an award of fees. For the reasons set forth below, I will grant both Motions in part.

I.  **MOTION FOR COSTS**

Plaintiff seeks a total of $2,235.04 in costs. The breakdown of the cost represents a $402.00 filing fee, $833.04 in service and attempts at service, and $1,000.00 in filing five pro hac vice motions. I consider each in turn:

A. **Filing Fee**

Defendant, without citing any authority, argues that Plaintiff should not recover its filing fee because Plaintiff sought a declaratory judgment in this matter. The only support Defendant offers is that Plaintiff filed this case "based on Federal jurisdiction, as opposed to diversity jurisdiction. Additionally, this is not employment case." [*sic*]. (DE 86 at 3).

A filing fee is a quintessential "docket fee" that is recoverable under 28 U.S.C. § 1920. *See James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 652 (S.D. Fla. 2007). The statute makes no distinction between the types of cases in which docket fees are recoverable, and district courts in the Eleventh Circuit have awarded filing fees in declaratory judgment actions. *See e.g.*, *Majestic Mirrors & Frame, LLC v. Elec. Mirror, LLC,* No. 07-21300-CIV, 2017 WL 8792557, at *4 (S.D. Fla. Oct. 10, 2017), *report and recommendation adopted sub nom. Majestic Mirrors & Frame LLC v. Elec. Mirrior, LLC*, No. 1:07-CV-21300-UU, 2017 WL 8792558 (S.D. Fla. Nov. 17, 2017) (awarding filing fee to plaintiff who brought an action against seeking a declaratory judgment that the defendant's patent was invalid and unenforceable under the Patent Act). Accordingly, I find that the **$402.00** filing fee is a reasonable, recoverable expense under 28 U.S.C. § 1920.

B. **Service of Process costs**

Defendant argues that Plaintiff should not be entitled to recover the claimed $833.04 on several grounds: First, Defendant waived service of process in this matter specifically to avoid

incurring this fee (DE 16). Second, Plaintiff should recover no more than the rate authorized under 28 U.S.C. § 1921, which is $65.00. Third, Plaintiff is seeking to recover at least $229.00 in service of process fees pertaining to an entirely different lawsuit, and it is not clear if the purported "1 hour wait time/surveillance" cost of $79.00 is related to this case. (*See* DE 82-1). In Reply, Defendant disputes Plaintiff's arguments: Plaintiff represents that Defendant did not waive service until after more than a month of Plaintiff attempting to serve it, and "both [Defendant's] registered agent and [Defendant's] principal actively avoided being served." (DE 87 at 5). It argues that it should be compensated for attempting service twelve times on twelve different days. Further, Plaintiff represents that although it attempted to serve both Defendant and another party in a different lawsuit on the same day, Plaintiff is only seeking half the cost of that process server for that attempt.

The Eleventh Circuit allows private process server fees to be taxed pursuant to § 1920(1) as a "fee[] of the marshal." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). In other words, the prevailing party is only entitled to those private service fees that would have been incurred had the United States Marshal's Office effectuated the service. *See id.* The current regulations provide that the Marshal's Service charges $65.00 per hour. *See* 28 C.F.R. § 0.114. Plaintiff attaches three invoices to substantiate its claimed expenses for service of process. (DE 82-1 at 3–5). District courts have granted reimbursement for multiple service of process attempts where the requesting party has explained the necessity for multiple attempts. *See Lebron v. Royal Caribbean Cruises, Ltd.,* No. 1:16-CV-24687-KMW, 2021 WL 3007191, at *3 (S.D. Fla. June 28, 2021), *report and recommendation adopted,* No. 16-24687-CIV, 2021 WL 3005648 (S.D. Fla. July 15, 2021); *Mid-Continent Cas. Co. v. JWN Constr., Inc.*, No. 17-80286-CV, 2019 WL

8402872, at *4 (S.D. Fla. July 29, 2019), *report and recommendation adopted*, No. 9:17-CV-80286, 2019 WL 8402871 (S.D. Fla. Dec. 5, 2019), *aff'd*, 823 Fed. Appx. 923 (11th Cir. 2020).

In this instance, Plaintiff attaches two affidavits of return of nonservice (DE 87-2) in which the private process servers detail their multiple attempts at serving Defendant. Plaintiff argues that Defendant was avoiding service, and the affidavits lend some support to that conjecture. The process servers appeared to consistently fail serving Mr. Potter, the registered agent of Defendant, at his home residence despite attempting over many days at various times. The affidavits detail that Mr. Potter consistently never came to the door and that the process servers attempted to speak to both the front desk manager and the building concierge to deduce Mr. Potter's schedule. Thus, I find that the affidavits demonstrate why so many attempts at service were necessary before Defendant eventually waived service in this matter.

Accordingly, I will award service of process fees for the eleven attempts that the affidavits support.[2] Because the affidavits do not demonstrate the amount of time each attempt took, I will award each attempt at the same rate of the U.S. Marshalls per hour, or $65.00 per time. That totals **$715.00**.

---

[2] I do not find that the affidavits demonstrate that service was actually attempted by the process server on February 22, 2022. (*See* DE 87-3 at 2). The affidavit reads that the process server "scoped out the building" and eventually "[a]dvised client to discuss and plan [the] attempt." Because this does not specifically state that the process server attempted service, I decline to count this as a twelfth attempt entitled to reimbursement.

### C. Pro Hac Vice Admissions Costs

Defendant argues that Plaintiff should not be entitled to its five pro hac vice admission fees as they are an expense of counsel and not of the client.

Courts in this district appear to be split on whether to award pro hac vice fees. *Compare TYR Tactical, LLC v. Productive Prod. Enter., LLC,* No. 15-CIV-61741, 2018 WL 3110799, at *14 (S.D. Fla. Apr. 11, 2018), *report and recommendation adopted sub nom. TYR Tactical, LLC v. Protective Products Enterprises, LLC*, No. 15-CV-61741, 2018 WL 3109624 (S.D. Fla. Apr. 30, 2018), *amended*, No. 15-CV-61741, 2018 WL 2672391 (S.D. Fla. June 5, 2018) (awarding $150.00 in pro hac vice fees as a "fee of the clerk"), *with Eagle Ins. Co. v. Johnson*, 982 F. Supp. 1456, 1458 (M.D. Ala. 1997), *aff'd sub nom. Eagle Ins. v. Johnson,* 162 F.3d 98 (11th Cir. 1998) (denying motion to tax pro hac vice admissions fees because they do not qualify as an expense of the litigant but rather as admission fee to the bar of the court). The Eighth Circuit appears to be the only circuit court that has directly spoken to this issue. *See Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009) (upholding a district court's decision to tax pro hac vice fees as costs under § 1920). Thus, whether to award these costs is a matter within the court's discretion.

I am going to follow suit with several of the district courts in this circuit that have denied pro hac admissions fees. *See e.g.*, *HTC Leleu Family Tr. v. Piper Aircraft, Inc*., No. 12-21118-CIV, 2013 WL 12092076, at *3 (S.D. Fla. Nov. 27, 2013). Although it does not appear that the Eleventh Circuit has directly addressed the question of whether pro hac vice fees are recoverable, it has held that a district court does not abuse its discretion when denying the recovery of pro hac vice fees as a litigation cost. *See Beck v. Purpis*, 162 F.3d 1090, 1100 (11th Cir. 1998). Plaintiff

7

had five attorneys who sought pro hac admission in this matter, including two that received admission after two attorneys left the firm representing Plaintiff during the pendency of this litigation. Plaintiff chose to file this lawsuit in a district court in which the attorneys representing it were not admitted to the state bar. Accordingly, I will decline to tax this as a recoverable cost under 28 U.S.C. § 1920.

In sum, I will award Plaintiff **$1,117.00** in costs.[3]

## II.     MOTION FOR ATTORNEYS' FEES

Plaintiff also seeks its attorneys' fees it incurred both during the district court litigation and Defendant's unsuccessful appeal, citing that this case meets the statutory definition of an "exceptional" case. Defendant, of course, argues that this is not an exceptional case. (*See generally* DE 98). In evaluating the merits of this Motion, I will begin with a brief recap of the procedural backdrop, which will illuminate how we got here. Then I will explain why I find this is an exceptional case and that Plaintiff is entitled to its attorneys' fees.

### A. Procedural History

Defendant is a nonpracticing patent holding entity. (DE 78 at 2). Plaintiff is a Wisconsin corporation that is in the healthcare software industry and offers solutions to manage electronic records. (*Id.*). Defendant, at one point, held two patents: the '040 Patent and the '048 Patent. In the Motion, Plaintiff argues that Defendant has had a form complaint for years that it uses to file lawsuits against third parties, alleging patent infringement, and it attempts to leverage the lawsuit

---

[3] As part of this finding, I am declining to award Plaintiff the $99.72 it seeks for hosting charges associated with the database used for document productions. As Plaintiff concedes, these costs are not recoverable under 28 U.S.C. § 1920, and Plaintiff provides no legal argument in support of their effort to recoup this expense.

8

to gain a settlement. (DE 88 at 1). In support of this allegation, Plaintiff cites that Defendant has sued over forty defendants individually, and, together with its sister entity GreatGigz Solutions, LLC, has sued nearly eighty defendants alleging infringement of the '040 and '048 patents.

Defendant originally filed a lawsuit in the Western District of Texas in 2021, even though it is a Florida corporation and Plaintiff is a Wisconsin corporation. Defendant opposed Plaintiff's motion to transfer based on improper venue, which forced the Parties to engage in extensive discovery regarding venue. Eventually, Defendant dismissed the case voluntarily and then sued several of Plaintiff's clients in Texas. Thereafter, Plaintiff initiated the instant action to obtain a declaratory judgment and resolve all claims against Plaintiff and its customers.[4]

Ultimately, I entered judgment on the pleadings in this matter. (DE 78). In that Order, I invalidated Defendant's patents for failing both steps of the familiar *Alice Corp. Pty. Ltd. V. CLS Bank Intern.*, 573 U.S. 208, 217 (2014), framework. I also noted that both the Federal Circuit and the Patent Trial and Appeal Board ("PTAB") had previously invalidated patents that were remarkably similar to Defendant's patents at issue in this action. (DE 78 at 9–12).

**B. Discussion**

An "exceptional" case under § 285 of the Patent Act is one that "stands out from others with respect to the substantive strength of a party's litigation position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). In

---

[4] Plaintiff's Motion describes a litany of misconduct purportedly committed by Defendant. I need not recount all of it here. Such conduct ranges from obfuscating discovery, filing meritless motions for claim construction, requesting to introduce irrelevant "expert" opinions, and disclosing Plaintiff's confidential, proprietary and trade secret information to Defendant's owner, Mr. Joao. My decision to classify this case as "exceptional" does not rely upon these allegations.

evaluating whether a case is "exceptional," a district court should not ascribe any separate, "mandatory weight" to "the absence of litigation misconduct." *Energy Heating, LLC v. Heat On-The-Fly, LLC* 15 F.4th 1378, 1384 (Fed. Cir. 2021). Rather, a district court must consider "the totality of the circumstances." *Id.* This can include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Octane Fitness*, 572 U.S. at 554 n.6.  A party must prove its entitlement to attorneys' fees by a preponderance of the evidence. *See id.* at 557–58.

I find that this case is "exceptional" for two primary reasons: the merits of the declaratory judgment claim and Defendant's conduct. First, the substantive strength of Plaintiff's litigative position, and the comparative weakness of Defendant's, favors a determination that this case is exceptional. My Order granting Judgment on the Pleadings recounts in detail ways in which case law did not support Defendant's position that the abstract notion of electronically systemizing patient records was a patentable subject matter. Further, I noted that there was no language to support Defendant's assertion that its claims were directed to "technological improvements," which could have possibly transformed its abstract processing of claims into something patentable. *See Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335 (Fed. Cir. 2016).

The appeal in this case is quite remarkable and underscores the relative weakness of Defendant's position on the merits. The oral argument transcript (DE 104-3) shows that the panel of Federal Circuit judges spent the majority of the time pressing counsel for Defendant how its patents are any different than those that they have consistently held invalid. Upon a review of the transcript, I cannot find a single precise answer from Defense counsel when pressed on the

technical improvement that the claims in this case were directed toward. Rather, counsel for Defendant merely repeated throughout oral argument that the inventions in this case speed up the process of conveying patient information in the healthcare context, albeit speeding up information that is likely to be more accurate precisely because of the quick rate of processing. (*See id.*). It is telling that Judge Chen, after emphasizing throughout the duration of the argument that mere automation is not enough for patentability under § 101, inquires of counsel, "Is there a motion for attorneys' fees that's been filed below?" (DE *id.* at 17 line 25). Thereafter, the Federal Circuit summarily affirmed my final judgment. *See Epic Sys. Corp. v. Decapolis Sys., LLC,* No. 2023-1302, 2024 WL 1460000, at *1 (Fed. Cir. Apr. 4, 2024).

In justifying its good faith and reasonable basis in pursuing this claim, Defendant disregards the fact that the PTAB affirmed a patent examiner's § 101 rejection of claims that are not only similar to the subject matter here, but also from the exact same inventor here, Raymond Joao. *See Ex Parte Joao ("Joao I")*, No. 2016-003277, 2017 WL 2377811, at *3 (P.T.A.B. May 23, 2017); *Ex Parte Joao ("Joao II")*, No. 2016-002070, 2017 WL 2303383, at *4 (P.T.A.B. May 25, 2017). The '040 Claim in this action had three independent claims (Claim 1, 2, and 46). Claim 2 of the '040 action had nearly identical overlap with the claims found invalid by the PTAB in *Joao II*. (DE 35-10). Instead, Defendant argues that its claims had merit because the standards governing decisions about patentability are "constantly evolving." (DE 20 at 24). In support, Defendant points to a couple memorandums published by the United States Patent and Trademark Office ("USPTO") that cite how the *procedures* for review of patents are evolving. But Defendant does not cite how those changes could have demonstrably impacted the analysis of such similar patents between 2017, when the PTAB affirmed a rejection of another one of Mr. Joao's patents,

and 2022, when I invalidated the patents at issue here. *See Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.,* 876 F.3d 1372, 1379 (Fed. Cir. 2017) (upholding a district court's award of attorney fees when it found the need to deter future conduct, including the need to deter weak arguments regarding claims that were attempting to "broadly monopolize an abstract idea as implemented using generic computer technology").

The substantive strength alone of this case would warrant it being classified as exceptional. But further, it is clear that Defendant's conduct, if not fully spurious, was dilatory at best. Defendant appears to be a serial litigant that uses form complaints to extract settlements from litigants. Plaintiff argues within the Motion, and Defendant does not deny, that Defendant has brought nearly eighty lawsuits, not only against many of Plaintiff's customers, but also against other parties that it claims have infringed on these patents. (DE 88-6). Defendant has managed to gain settlements out of most. *See* (*id.*); *see also SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2017). ("[A] pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285."). The Federal Circuit has considered evidence that a litigant sends standardized demand letters to obtain "license fees" and force settlements as a factor weighing in favor of finding the matter to be an exceptional case. *See Elec. Commc'n Techs., LLC v. ShoppersChoice.com, LLC,* 963 F.3d 1371, 1377 (Fed. Cir. 2020). Plaintiff represents that Defendant's settlement offers in this case drastically decreased over the course of a week before Defendant completely pulled settlement off the table, and each were significantly less than the total cost of litigation. (DE 88-3 ¶¶ 3-6); *see Blackbird Tech, LLC v. Health in Motion, LLC*, 944 F.3d 910, 916 (Fed. Cir. 2019)

(holding that a district court's determination that a case was exceptional was not an abuse of discretion when supported by evidence of "nuisance value settlement offers").[5]

Defendant does not dispute Plaintiff's accusations about the Defendant's own litigiousness, Defendant's use of form complaints, and the high rates of settlement. Instead, Defendant attempts to justify its actions by stating that it went after all of Plaintiff's customers to prove "direct infringement as to an actual user of the accused instrumentalities in a healthcare provider setting." (DE 98 at 8). It argues that this was necessary because Plaintiff refused to provide specific discovery responses under the guise that Plaintiff did not have access to specific documents that were requested because Plaintiff "is not a healthcare provider." (DE 98-2; DE 98-3). Defendant claims that these discovery responses forced its hand; it "was most appropriate for [Defendant] to sue [Plaintiff's] customers, especially given [Plaintiff's] refusal to provide information to thereby thwart [Defendant's] ability to enforce its patents." (DE 98 at 6). Defendant argues that Plaintiff

---

[5] After I denied Plaintiff's motion to file under seal its motion for attorneys' fees (DE 90), Defendant filed a renewed Motion to Seal these settlement communications (DE 97). In support of the Motion, Defendant cites that the settlement communications should be sealed pursuant to Federal Rule of Evidence 408. I decline to seal these communications. First, Federal Rule of Evidence 408 is not relevant in this context because that Rule prevents parties from relying on settlement communications to prove underlying liability. Plaintiff does not rely on these communications to prove the patents are invalid but rather to buttress its arguments that Defendant engaged in objectionable conduct throughout the pendency of this litigation. Therefore, Rule 408 does not support Defendant's request for sealing. Further, I find that I can utilize the filings as they presently exist in the court record, in redacted form, without need of sealing. I do not believe I need the precise settlement offer figures to understand how the negotiations are relevant to my analysis here. Further, leaving the settlement amounts redacted does no harm to either Parties' position. I find redaction of the individual settlement amounts gives appropriate consideration to the privacy interest of Defendant but does nothing to undermine Plaintiff's emphasis, which is the speed at which Defendant was reducing its settlement amounts until fully revoking them over the course of one week. Thus, I find that Defendant has failed to demonstrate that sealing is necessary. *See Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (noting that the public's right of access to judicial proceedings can only be overcome "by a showing of good cause").

13

"never moved . . . to join any lawsuit involving [Plaintiff's] customers," but rather "strategically opted to wait until February 3, 2022, to strategically pursue litigation in this District." (DE 98 at 11).

But Plaintiff is *not* a healthcare provider. Its responses to discovery were accurate, and Defendant's explanation belies the timeline of events. Defendant sued at least two of Plaintiff's customers before commencing this action, *see Decapolis Sys., LLC v. Bexar Cnty. Hosp. Dist.*, No. 6:21-cv-01262, DE 1 (W.D. Tex. Dec. 1, 2021); *Decapolis Sys., LLC v. Cent. Tex. Comty. Health Ctr.*, No. 6:21-cv-01262 (W.D. Tex. Dec. 3, 2021), and it sued another customer only one day after receiving Plaintiff's discovery responses in this matter, *see Decapolis v. UT Southwestern Health Sys.*, No. 2:22-cv-00159, DE 1 (E.D. Tex. May 17, 2022). Further, the only motion to compel in this case was filed by *Plaintiff* in an attempt to get Defendant to cure its preliminary infringement contention, responses to Plaintiff's first set of interrogatories, and responses to Plaintiff's first set of requests for production. (*See* DE 41). Although Defendant claims that it ultimately agreed to the discovery stay,[6] which prevented Defendant from filing its own motion to compel, (*see* DE 98-2 ¶ 5), I note that Defendant never filed a motion to compel arguing that Plaintiff's discovery responses were inadequate between the time that Plaintiff moved for the stay and the time that I granted the motion.

Even despite my final judgment in this case, it appears that Defendant has continued its path of targeting Plaintiff's customers and forcing Plaintiff to incur substantial and unnecessary

---

[6] In fact, the record reflects that Defendant initially opposed the stay of discovery (*see* DE 39 at 10), and only agreed to the stay nearly a week after Plaintiff requested such relief. In its Notice of Non-Opposition to Motion to Stay, Defendant acknowledged that Eleventh Circuit precedent favors a stay pending the outcome of a dispositive motion. (DE 43).

expenses. In *Southwestern Health Sys.*, No. 2:22-cv-00159, Defendant subpoenaed Plaintiff, seeking the same documents that it requested production of in this case—Plaintiff's source code, technical documents, and financial information. (DE 88-11). Such requests were propounded despite the order that I entered in this case staying discovery (DE 43). On top of that, Defendant apparently refused to agree to stay the litigation in *Southwestern Health Sys.*, No. 2:22-cv-00159, after I issued my final judgment invalidating the subject patents, despite the doctrine of collateral estoppel. *See Uniloc USA, Inc. v. Motorola Mobility LLC*, 52 F.4th 1340, 1347–48 (Fed. Cir. 2022) (holding that collateral estoppel applies based on a district court decision that is still pending on appeal); *see Prager v. El Paso Nat. Bank,* 417 F.2d 1111, 1112 (5th Cir. 1969). Thus, all in all, Defendant has apparently continuously propounded meritless arguments against both Plaintiff and its customers despite its substantively weak position and arguments as well as consistently attempted to exploit its status as a patent holder to extract settlements from third parties. An award of attorney's fees will deter such conduct in the future. *See Blackbird Tech LLC*, 944 F.3d at 917.

Finally, Plaintiff argues that it is entitled to its attorneys' fees that were incurred both on appeal and in the proceedings before this Court. I agree in part. In determining the award of attorneys' fees, a court must determine what is reasonable. "Normally this will encompass all hours reasonably expended on the litigation," *Mathis v. Spears*, 857 F.2d 749, 755–56 (Fed. Cir. 2012), and can include the time spent on appeal. *See Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.,* 876 F.3d 1372, 1380 (Fed. Cir. 2017); *Therasense, Inc. v. Becton, Dickinson & Co.*, 745 F.3d 513, 517 (Fed. Cir. 2014). Although the same concerns about the substantive weakness of Defendant's position that are articulated above illuminate my decision to find that Plaintiff is entitled to some attorneys' fees that were incurred on appeal, I highlight a couple of concerns that give me pause

15

in awarding the entirety of the fees requested. First, it is true, as Defendant argues in response to the supplement (DE 111), that a party has the right to appeal a case and challenge my ultimate finding as to invalidity. Second, Plaintiff has not demonstrated the same evidence and record of misconduct during the appellate process that influenced my decision to find this case "exceptional" at the district court level. Because Plaintiff has not provided any indication that the time spent on appeal was performed to combat Defendant's misconduct, I will not award the entirety of the fees requested by Plaintiff that it incurred in litigating the appeal.

In light of my determination today that Plaintiff is entitled to its reasonable attorneys' fees for both the time it spent before this Court and the Federal Circuit, I will order the Parties to meet and confer regarding the amount of attorneys' fees that Plaintiff should be awarded. In line with Local Rule 7.3(a), the Parties shall meet and confer regarding the proposed fee amount that Plaintiff seeks. By **August 9, 2024,** Plaintiff shall file a Motion and state the amount it requests.[7] Within fourteen days, or by **August 23, 2024,** Defendant shall "describe with reasonable particularity each time entry or nontaxable expense to which it objects." *See* S.D. Fla. Loc. R. 7.3(a). As always, the Parties are expected to confer and attempt in good faith to agree on entitlement to specific fees.

## CONCLUSION

For the reasons set forth above, it is **ORDERED AND ADJUDGED** that:

1) Plaintiff's Motion to Tax its Bill of Costs (DE 82) is **GRANTED IN PART**.

2) Plaintiff is entitled to **$1,117.00** in costs from Defendant.

---

[7] Plaintiff must keep in mind that I will not award it the full amount it represents it is entitled to for the appeal in this case.

3) Plaintiff's Motion for Attorney Fees (DE 88) is **GRANTED IN PART**.

4) Plaintiff is entitled to its attorneys' fees as I have made the finding that this is an exceptional case under the Patent Act.

5) The Plaintiff must file a supplemental Motion for Attorney's Fees by **August 12, 2024**.

6) If Defendant opposes the Plaintiff's Motion, it shall respond by **August 23, 2024.**

7) Defendant's Motion to Seal Narrowly Tailored Privileged and Confidential Settlement Communications (DE 97) is **DENIED**. Plaintiff's Motion for Attorney Fees and the accompanying exhibits will remain public. However, I will leave the offered settlement amounts that appear on the record redacted.

**SIGNED** in Chambers at West Palm Beach, Florida, this 30th day of July, 2024.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record