**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Epic Systems Corporation,

        Plaintiff/Counterclaim
        Defendant,

    v.

Decapolis Systems, LLC,

        Defendant/Counterclaim
        Plaintiff.

Case No. 9:22-cv-80173-DMM

**DECLARATION OF BRYCE A. LOKEN IN SUPPORT OF PLAINTIFF**
**EPIC SYSTEMS CORPORATION'S SUPPLEMENTAL**
**MOTION FOR ATTORNEYS' FEES**

I, Bryce A. Loken, hereby declare:

1. I am an attorney with Quarles & Brady LLP, attorneys for Plaintiff Epic Systems Corporation in the above-captioned case, and as such have personal knowledge of the facts stated below.

2. I submit this declaration in support of Plaintiff's Supplemental Motion for Attorneys' Fees.

3. Quarles & Brady has 13 offices across the United States and employs over 500 attorneys. **Exhibit 1** is a true and correct copy of screenshots of Quarles & Brady LLP's website, https://www.quarles.com/people and https://www.quarles.com/contact (last visited August 8, 2024).

4. **Exhibit 2** is a true and correct copy of an e-mail exchange between Epic's counsel and Decapolis' counsel concerning the parties' August 7, 2024 meet and confer.

QB\91563923.1

5.      For the time submitted in Epic's original Motion for Attorneys' Fees (Dkt. 88), Epic removed a total of more than 450 hours from the time it actually billed to Epic for services rendered.  In total, of the more than 2,350 hours billed to Epic for services rendered through March 31, 2024, Epic sought to recover only 1421.8 hours, thus removing more than 950 hours from the fees sought.  While some of the time redacted was to remove time errantly billed to the wrong matter, the remainder was removed at Epic's discretion to accommodate a good faith attempt to reduce the hours sought to a reasonable amount.  Epic has not included in its Supplemental Motion, nor any past Motions for Attorneys' Fees, the hours/fees incurred preparing and filing Epic's Motions for Attorneys' Fees.

6.      All timekeepers that assisted with the appeal were integral to Epic's success before the Federal Circuit.  Limiting the fees to two of Epic's primary timekeepers for the appeal, Kristin Graham Noel and Bryce A. Loken, would result in a total of $189,387.33 or only 61.98% of the fees Epic original sought in Dkt. 104.  Further reducing that amount by 25%, as Decapolis demands, would result in only $142,040.50 or 46.5% of the fees Epic originally sought.

7.      **Exhibit 3** is a true and correct copy of an August 9, 2024 e-mail from Decapolis' counsel to Epic's counsel.

8.      **Exhibit 4** is a true and correct copy of excerpts of the AIPLA 2023 Report of the Economic Survey.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  August 9, 2024.

/s/ Bryce A. Loken
Bryce A. Loken

## **CERTIFICATE OF SERVICE**

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served on August 9, 2024 with a copy of this document via the Court's CM/ECF system:

Marc J. Kesten, P.L.
Marc J. Kesten
9220 NW 72nd Street
Parkland, FL 33067
marc@kestenlex.com
(954) 600-9500

Garteiser Honea, PLLC
Christopher Honea
119 West Ferguson
Tyler, Texas 75702-7203
chonea@ghiplaw.com
ghdecapolis@ghiplaw.com
(415) 785-3762

                                                               */s/ Kelli A. Edson*
                                                               Kelli A. Edson